IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DEES OIL COMPANY, INC.,
TOM BAHHUR, SANA BAHHUR
AND RASUL, INC.                                                PLAINTIFFS

vs.                                                    No. 3:08-CV-101-D-S

LION OIL COMPANY                                               DEFENDANT

OPINION DENYING MOTION TO DISMISS

Presently before the Court is Defendant's, Lion Oil Company, motion to dismiss to enforce a Court Order (docket entry 40) pursuant to Rule 37 of the Federal Rules of Civil Procedure. Upon due consideration, the Court finds that the motion should be denied.

The Plaintiffs Dees Oil Company, Inc. ("Dees Oil") and Tom Bahhur filed this action on September 15, 2008 seeking alleged damages from the sale of defective gasoline supplied by Defendant. On July 1, 2009, Plaintiffs' motion to add Plaintiffs Sana Bahhur and Rasul, Inc. was granted. On October 9, 2009, Plaintiffs' finally filed their amended complaint adding Sana Bahhur and Rascul, Inc. On October 15, 2009, Defendant answered the amended complaint.

Since the litigation began in 2008, the trial of the case has been continued twice and the discovery deadlines have been extended three times due to the Plaintiffs' failure to comply with discovery requests and meet discovery deadline. On January 26, 2010, Magistrate Judge Sanders signed an Agreed Order (docket entry 30) extending the deadlines giving Plaintiffs until April 25, 2010 to produce requested records and warning Plaintiffs that failure to produce the documents would result in the dismissal of their claims.

Presently pending before the Court, in addition to the motion to dismiss to enforce the January 26, 2010 Order, are motions to compel discovery and to continue trial setting. All three pending motions are allegedly due to Plaintiffs' failure to timely produce documents.

In the pending motion to dismiss, Defendant argues the present cause of action should be dismissed because Plaintiffs have failed to comply with the Agreed Order of January 26, 2010, which directed Plaintiffs to produce gasoline sales documents and tax returns for the last ten years. Plaintiffs responded to the motion claiming that they have begun to produce documents but that some of the requested documents do not exist.

While the Court is well-aware of Plaintiffs' failure to fully comply with the Agreed Order, Plaintiffs have produced some of the requested documents. There is some on-going dispute between the parties regarding whether some of the requested documents exist and whether some of the requested documents were destroyed after litigation began. Therefore, the Court is of the opinion that dismissal is not warranted. However, Plaintiffs' long-term and continued failure to produce discovery, along with other potential discovery violations, may be appropriate for sanctions under Rule 37 of the Federal Rules of Civil Procedure. Defendant's motion to dismiss to enforce the Court Order shall is denied.

Also pending is Defendant's motion to continue trial setting. Plaintiffs joined the motion in their response to the motion to dismiss. Based on the pending discovery issues and late production of documents by Plaintiffs, the Court finds the motion to continue is well-taken and should be continued.

THEREFORE, it is hereby ORDERED that the Defendant's motion to dismiss (docket entry 40) is DENIED; Defendant's motion to continue trial setting (docket entry 44) is GRANTED. The trial will be rescheduled by further order of this Court. Defendant's motion to

compel (docket entry 42), along with any additional discovery issues, are referred to Magistrate Judge Sanders. Should Plaintiffs fail to comply with another order of the Court their claims will be dismissed without prejudice.

SO ORDERED, this the 7 day of March, 2011.

_____
Senior Judge