IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DEES OIL COMPANY, INC.,
TOM BAHHUR, SANA BAHHUR,
AND RASUL, INC.                                                        PLAINTIFFS

VS.                                        CIVIL ACTION NO.: 3:08CV101-GHD-DAS

LION OIL COMPANY                                                        DEFENDANT

## ORDER GRANTING MOTION TO COMPEL,
## SETTING DEADLINES, & AWARDING SANCTIONS

This matter is before the court on the defendant's Motion to Compel Discovery (# 42). The defendant filed the instant motion simultaneously with a Motion to Dismiss to Enforce Court Order (# 40), citing as grounds for both motions Tom and Sana Bahhur's repeated failures to cooperate in discovery. While the district judge found that dismissal of this case was not warranted, the court indicated that the plaintiffs' "long-term and continued failure to produce discovery, along with other potential discovery violations, may be appropriate for sanctions under Rule 37." (Memorandum Opinion # 57). Further, in that ruling Judge Davidson warned that should the plaintiffs fail to comply with another court order, their claims would be dismissed.

On March 23 the undersigned held a hearing on the defendant's motion to compel. While in their brief the plaintiffs maintain that much of the information sought by the defendant no longer exists, counsel for the plaintiffs reported during the hearing that the plaintiffs now understand their obligation to cooperate and have recently produced a box of documents, a good deal of which has been found to be both relevant and responsive to the defendant's discovery requests. During the hearing, the court went item by item through the defendant's list of areas of inquiry to which the plaintiffs have failed to respond, including daily ledgers, "Ruby" reports, bills of lading, "Schedule C" state tax return forms, and civil proceedings. The court finds all of this

information is relevant to the issue of the financial health and sales success of the plaintiffs and their service stations both before and after the loss and that all of this information had been ordered produced pursuant to the court's January 26, 2010 Order.[1] The court further finds that the plaintiffs are completely without excuse in failing to respond fully to the defendant's discovery requests and have unduly protracted these proceedings. Accordingly, within **sixty (60) days** of this date, the plaintiffs shall obtain and produce all of the delinquent information as described during the hearing and as described in the defendant's discovery requests.[2] The court understands that the plaintiffs are not in possession of much of this information and may be required to obtain some of it from governmental agencies, including the Mississippi Department of Environmental Quality, the Mississippi State Tax Commission, and/or the IRS. However, because the plaintiffs are clearly the violating parties in this case and are without excuse, the burden and any expense associated with retrieving this information should be borne by them. Moreover, it became apparent to the court that at least with regard to the "Schedule C" state tax forms, the plaintiffs have no explanation why this information was not produced by their accountant in response to a subpoena served by the defendant. Accordingly, the plaintiffs would be well-advised to discuss this issue with their accountants and make sure this information is produced immediately.

The court also addressed the fact that Sana Bahhur failed to disclose information about a 2005 bankruptcy proceeding which was responsive to at least one of the defendant's interrogatories and failed to appear for her deposition. Because Mrs. Bahhur has failed to offer

---

[1] The plaintiffs shall produce the discovery ordered herein for the last ten years in accordance with the court's January 26, 2010 Order (# 30).

[2] During the hearing, counsel for the defendant conceded that bills of lading from the plaintiffs' suppliers would not provide helpful information and that invoices and other information would be more relevant.

any reasonable excuse for failing to disclose the bankruptcy, this conduct is sanctionable. However, with regard to her deposition, Mrs. Bahhur explains in her brief that her failure to appear for her deposition was the result of a misunderstanding between counsel and the parties. The defendant does not dispute this. Nevertheless, the defendant will be allowed to reschedule Mrs. Bahhur's deposition and re-depose Mr. Bahhur at a time convenient for the parties and not inconsistent with the scheduling deadlines to be entered by the court. Any unexcused failure to appear for a deposition by either Mr. or Mrs. Bahhur will be considered a willful violation of this order.

Finally, within the sixty-day period allowed herein, the plaintiffs shall provide the defendant with a signed copy of interrogatory responses and serve any and all supplemental responses to discovery.

## Amended Deadlines

Considering that the trial of this case has been continued and discovery is ongoing, the Case Management Order Deadlines are amended as follows:

1. All discovery shall be completed on or before June 23, 2011; and
2. All dispositive motions shall be filed on or before July 7, 2011.

## Sanctions

**IT IS FURTHER ORDERED** that because Tom and Sana Bahhur failed to obey the court's January 26 Order and failed to cooperate in discovery, Rule 37 sanctions are hereby entered against them, and they shall be jointly and severally liable for the defendant's attorney fees and expenses associated with the instant motion to compel and the motion to dismiss. Accordingly, within fourteen days of this date, counsel for the defendant shall file an affidavit and

itemization of fees and expenses incurred in prosecuting the motions. The plaintiffs shall have seven days to file any response. The plaintiffs are warned that failure to obey this order in any respect may result in the ultimate sanction of dismissal.

SO ORDERED this, the 25th day of March, 2011.

/s/ David A. Sanders
U. S. MAGISTRATE JUDGE